ROHLF v. GREAT AM. MUT. IND. CO. et.

Ohio Appeals, 6th Dist., Huron Co.

Young & Young, Norwalk, for Rohlf.

C. H. Workman, Mansfield, and E. G. Martin, Norwalk, for Ind. Co.

**647. INSURANCE.**

1. Failure of insured to co-operate in defense as provided by policy, held to relieve insurer from liability to injured person.

2. That insurer proceeded with defense, not waiver or estoppel to assert such failure of co-operation as defense in action by injured person against insurer.

3. Liability limited by terms of indemnity policy, and one injured by insured has no greater rights against insurer than insured himself has.

RICHARDS, J.

1. Evidence held conclusively to establish deliberate and premeditated evasion on part of insured of duty owing insurer to co-operate in defense of action against insured, as required by provisions of policy, thus relieving insurer from liability to injured, person bringing suit against insurer after obtaining unsatisfied judgment against insured.

2. That insurer proceeded with defense of action by injured person against insured, after deliberate failure by insured to co-operate in such defense, held not a waiver or estoppel to assert such failure of co-operation as defense in action by injured person against insurer.

3. The liability assumed by insurance company is limited by terms of indemnity policy, and one injured by insured had no greater rights against insurer than insured himself had.

(Lloyd, J., concurs; Williams, J., dissents.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

STOCKYARDS BANK v. SEAL.

Ohio Appeals, 1st Dist., Hamilton Co.

Roy Manogue, Wm. J. Rielly and John C. Hermann, Cincinnati, for Bank.

Walter K. Sibbald and Edw. T. Dixon, Cincinnati, for Seal.

**27. ACTIONS—126 Banks and Banking.**

Where plaintiff relied on credit for payments of checks, action against bank, for failure to pay such checks, held action for breach of contract and not action in tort.

**480. EVIDENCE.**

In action against bank for failure to pay checks, evidence of personal controversies between plaintiff and bank's president held not admissible.

**978. PUNITIVE DAMAGES—951 Principal and Agent—751 Master and Servant.**

1. Punitive damages may be awarded only against person who has participated in offense.

2. Principal cannot be held liable for punitive damages by reason of conduct of agent.

3. Employer cannot be punished for personal guilt of servant, unless authorized, ratified or participated in.

CUSHING, J.

1. Action against bank for failure to pay plaintiff's checks, petition alleging that plaintiff had with said bank deposits and credits, held an action for breach of contract and not one in tort, where it appeared that plaintiff did not have sufficient deposit within Sec. 710-117 GC., to pay smallest of checks, and relied for their payment on an alleged contract for credit with bank; "credit" being among other things a debt due in consequence of a contract for borrowing money.

2. In action against bank for failure to pay plaintiff's checks, admission of evidence, on question of malice as against bank, of controversies between bank's president and plaintiff growing out of matters not connected with bank or shown to have been ratified or participated in by bank, held prejudicial error.

3. Punitive damages can only be awarded against one who has participated in an offense.

4. Principal cannot be held liable for exemplary or punitive damages by reason of wanton or malicious conduct on part of agent.

5. An employer cannot be punished for personal guilt of his servant or agent unless employer authorized, ratified, or participated in wrongdoing.

(Hamilton, PJ., concurs.)

For reference to full opinion, see Omnibus Index, last page, this issue.